UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>          **Plaintiff**<br><br>vs.<br><br>**Sarah M Stephenson**<br>**Kevin P Stephenson**<br><br>          **Defendants** | CIVIL NO.  1:21-cv-114 |

## COMPLAINT

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Rebecca A. Solarz, Esquire, of KML LAW GROUP, P.C., represents as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.      The last-known address of the Defendants, Sarah M Stephenson and Kevin P Stephenson ("Defendants") is 1949 Freeport Road, North East, PA 16428.

3.      On or about November 09, 2015, at the special instance and request of Sarah M Stephenson and Kevin P Stephenson, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Defendants the sum of $152,000.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4. As evidence of the indebtedness, Defendants have executed and delivered to the Plaintiff, a Promissory Note dated November 09, 2015 in the amount of $152,000.00. A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5. Defendants, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about November 09, 2015, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on November 09, 2015 with the Office of the Recorder of Deeds, Erie County, Pennsylvania, in Inst# 2015-025066. A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6. Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

7. The property secured by the Mortgage is known as 1949 Freeport Road North East, PA 16428 and is more fully described in the legal description attached and incorporated as Exhibit "C" ("Property"). The property subject to foreclosure is within the jurisdiction of this Court.

8. The Note and Mortgage are in default as Defendants have failed or refused to comply with the provisions of the Note and Mortgage, as follows: (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

9. Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

10. The amounts due and owing to Plaintiff on the Note and Mortgage are as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $137,946.98 |
| Interest from 05/09/2017 to 08/01/2019 at 3.2500% | $16,889.04 |
| Interest Recapture | $1,617.00 |
| Late Charges | $75.15 |
| | $156,528.17 |
| Fees Required With Payoff Funds | +$1,011.38 |
| Fees Currently Assessed | +$20,610.96 |
| | $178,150.51 |

11. Notice of Intention to Foreclose pursuant to Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 (as amended in 2008), and/or Notice of Intention to Foreclosure as required by the terms of the Mortgage, as applicable, have been sent to the Defendant(s). Copies of the notice(s), redacted to remove confidential account information, are attached hereto as Exhibit "D" and made a part hereof.

12. No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred. Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows:

Defendants and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and

equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same;  the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

        United States of America by and through
its specially assigned counsel
KML Law Group, P.C.

By:/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esquire
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)627-1322
RSolarz@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br>       **Plaintiff** <br><br> vs. <br><br> **Sarah M Stephenson** <br> **Kevin P Stephenson** <br><br>       **Defendants** | CIVIL NO. |

# **EXHIBITS**

"A"  NOTE
"B"  MORTGAGE
"C"  PROPERTY
"D"  NOTICE OF INTENTION TO FORECLOSE and/or NOTICE OF HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM